983 F.2d 1073
 142 L.R.R.M. (BNA) 2648
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
H.A. GREEN DECORATING CO., et al., Respondents.
 No. 90-3742.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 10, 1992.*
Decided Dec. 22, 1992.
 
 Before COFFEY and EASTERBROOK, Circuit Judges, and WOOD, JR., Senior Circuit Judge.
 
 Order
 
 1
 H.A. Green Decorating Co. had a collective bargaining agreement with its painters. The Board concluded that Green organized and dominated Mr. Build--Distinctive Decorators, Inc., to evade its obligations to the employees. After finding that Green and Distinctive operated as alter egos, the Board ordered the two firms to carry out their obligations under the labor laws and the collective bargaining agreements, and to make whole the persons who worked for Distinctive at wages less than those provided by the agreement.
 
 
 2
 Green and Distinctive do not challenge the Board's substantive findings. Instead they say that the charge was untimely. Congress provided six months for this purpose, 29 U.S.C. § 160(b), but the time may be extended by equitable tolling and estoppel. The administrative law judge invoked the doctrine of equitable estoppel, finding that respondents defrauded inquiring union officials about the degree of their integration; the Board approved this conclusion. Our review is deferential, Wisconsin River Valley District Council v. NLRB, 532 F.2d at 47, 54 (7th Cir.1976), and we conclude that substantial evidence supports the Board's decision.
 
 
 3
 Respondents point out that the union knew about Distinctive's existence no later than December 1986 but did not file a charge until November 1987. But there is nothing illegal in affiliated companies using different wage scales, one bargaining with the union and the other not. An unfair labor practice occurs only if they disregard their separate corporate existence. In 1986 the union knew that Green provided equipment to Distinctive. Green rents equipment to unrelated firms. It took a while for the union to discover that Distinctive's employees had unrestricted access to Green's premises and equipment as needed, without even going through the motions of renting it. Similarly, it took time to discover that Richard Green, the president of H.A. Green, estimated the costs of Distinctive's jobs and supervised Distinctive's performance. Meanwhile Richard Green, asked by the union, said that the two firms operated completely separately. Such assertions and other steps to conceal the extent to which the two corporations operated as a single firm, the Board concluded, defrauded the union and so postponed the time within which the charge must be filed. Only in September 1987 did the truth emerge, and the charge was filed within three months. Substantial evidence supports that conclusion.
 
 
 4
 Respondents insist that the administrative law judge was biased against them. To support this assertion respondents point to rulings made during the hearing. For example, respondents contended that the Board's lawyers suborned perjury by the witnesses; after taking evidence, the judge concluded that although some coaching may have occurred at interviews, this did not undermine the accuracy of the evidence at the hearing. Whether or not these rulings were correct, they do not show "bias," which means some extra-judicial prejudice. Unsuccessful litigants are entitled to appeal on the merits; they are not entitled to attack the intellectual honesty of the tribunal without much better proof than respondents have provided.
 
 
 5
 Finally, respondents insist that back pay should not be collected because payment will ruin them, and the employees are really to blame. These contentions are premature. The Board has indicated willingness to entertain the respondents' submissions during a compliance hearing. NLRB Br. 37 n. 15. Cf. NLRB v. Ironworkers, 466 U.S. 720 (1984); NLRB v. J.H. Rutter-Rex Manufacturing Co., 396 U.S. 258 (1969).
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a), Circuit Rule 34(f). Respondents have filed a statement requesting oral argument. The court denies the request, and also denies the Board's motion to strike respondents' request and award sanctions